```
                               UNITED STATES DISTRICT COURT
                               SOUTHERN DISTRICT OF FLORIDA

                               CASE NO. 08-21688-Civ-MORENO
                               MAGISTRATE JUDGE P. A. WHITE

WILLIE BROWN,                  :

        Petitioner,            :

v.                             :         REPORT OF
                                         MAGISTRATE JUDGE
WALTER A. McNEIL,              :

        Respondent.            :
_____
```

Introduction

Willie Brown has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging the constitutionality of his conviction for second degree murder, attempted armed robbery, and unlawful possession of a firearm while engaged in a criminal offense, entered following a jury verdict in Miami-Dade County Circuit Court, case no. F99-41138A.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of this petition (DE#1) with supporting appendix (DE#2), the Court has the response of the state to an order to show cause with multiple exhibits (DE#s11,15), and the petitioner's reply (DE#18).

The petitioner raises the sole claim that the statements he provided to police are the product of custodial interrogation

carried out in violation of his constitutional rights, and its unlawful admission into evidence at trial created a manifest injustice and/or fundamental error.

## Procedural History

The procedural history of the underlying state court convictions reveals as follows. The petitioner was charged by Indictment with first degree murder (Count 1), attempted armed robbery (Count 2), and unlawful possession of a firearm while engaged in a criminal offense (Count 3). (DE#15:Ex.A). Following a five-day jury trial, the petitioner was found guilty of second-degree murder, a lesser included offense of first degree murder as to Count 1, and guilty as charged as to Counts 2 and 3. (DE#15:Ex.B). He was adjudicated guilty and sentenced as a habitual violent felony offender and a prison releasee reoffender to life in prison as to Count 1, and 30 years in prison as to Count 2. (DE#15:Ex.C). The trial court dismissed Count 3. (Id.). On July 2, 2003, the appellate court *per curiam* affirmed the convictions and sentences in a published opinion. Brown v. State, 849 So.2d 1114 (Fla. 3 DCA 2003). Thus, the judgment of conviction became final, for purposes of the AEDPA's one year statute of limitations, at the latest on October 2, 2003, ninety days following the affirmance of the petitioner's convictions and sentences on direct appeal.[1]

After additional collateral proceedings which are not

---

[1] For federal purposes, a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, Bond v. Moore, 309 F.3d 770 (11 Cir. 2002); Coates v. Byrd, 211 F.3d 1225 (11 Cir. 2000). Ordinarily, a petition for writ of certiorari must be filed within 90 days of the date of the entry of judgment, rather than the issuance of a mandate. Supreme Court Rule 13.

substantively relevant here, the petitioner returned to the state court, filing a state habeas petition with the trial court, raising the same claim raised in this habeas petition. (DE#15:Ex.Z). The trial court found the petition legally insufficient, and summarily denied it. (DE#15:Ex.AA). The petitioner appealed, and on January 8, 2008, the appellate court ordered the petitioner to file an initial brief within 20 days, as the time for filing the initial brief under the Florida Rules of Appellate Procedure had expired. (DE#15:Ex.AB-AC). Thus, the initial brief was due to be filed with the appellate court at the latest on January 28, 2008. On January 31, 2008, the petitioner signed and provided to his institution of confinement the initial brief for mailing. (DE#15:Ex.AD). On March 10, 2008, the appellate court on its own motion, dismissed the appeal based on the petitioner's failure to comply with its January 8, 2008 order and with the Florida Rules of Appellate Procedure. Brown v. State, 976 So.2d 1115 (Fla. 3 DCA 2008)(table); (DE#15:Ex.AE). The petitioner then filed a motion for relief from judgment, asserting that his institution of confinement failed to mail the motion in a timely manner. (DE#15:Ex.AF). However, the petitioner acknowledged that he did not sign the motion until January 31, 2008, the same date he provided to the institution for mailing, which was three days after the deadline imposed by the appellate court's order. (Id.). On May 6, 2008, the appellate court entered an order denying the motion.[2]

The petitioner then came to this court timely filing this federal habeas petition on June 10, 2008.[3] The respondent correctly

---

[2] No copy of this order has been provided. However, the information is readily available from the appellate court's website, located at http://www.3dca.flcourts.org/.

[3] See: Adams v. United States, 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

3

concedes that this petition was filed within the one-year limitations period of 28 U.S.C. §2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Artuz v. Bennett, 531 U.S. 4 (2000) (pendency of properly-filed state postconviction proceedings tolls the AEDPA limitations period).

## Discussion of Claim

It appears from the record that the sole claim of this petition was raised before the state courts in the state habeas corpus proceeding. The claim, however, remains unexhausted and procedurally barred because the petitioner failed to timely prosecute an appeal following the denial of the motion. See 28 U.S.C. §2254(b)(1) and (b)(1)(A)(A state prisoner's habeas corpus petition "shall not be granted unless it appears that----the applicant has exhausted the remedies available in the courts of the State....").[4]

Moreover, while the identical claim presented in this federal petition was raised in his state petition for writ of habeas corpus, a petition for writ of habeas corpus filed in the state courts is an inappropriate procedural vehicle to raise a claim that could have more appropriately been raised on direct appeal or in a postconviction motion pursuant to Fla.R.Crim.P. 3.850. Patterson v.

---

[4] An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c). A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5 Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5 Cir. 1982), cert. denied, 460 U.S. 1056 (1983). A petitioner is required to present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270-275-77 (1971). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial. Leonard v. Wainwright, 601 F.2d 807, 808 (5 Cir. 1979).

State, 664 So.2d 31 (Fla. 4 DCA 1995)(holding that habeas corpus is not a vehicle for obtaining additional appeals on issues which were raised or should have been raised on appeal or could have been challenged pursuant to Fla.R.Crim.P. 3.850). See also Stewart v. Crosby, 880 So.2d 529, 531 (Fla. 2004)(holding that habeas petition was improper vehicle for petitioner's claims of ineffective assistance of counsel where such claims presented procedural variants of claims addressed and rejected in petitioner's previous motion for post-conviction relief). The Florida courts have held that Rule 3.850 motions completely superseded habeas corpus as the means of collateral attack of a judgment and sentence in Florida. State v. Broom, 523 So.2d 639 (Fla. 2 DCA 1988). As such, the rule is intended to provide a complete and efficacious post conviction remedy to correct convictions on any grounds which subject them to collateral attack. Id. at 641. Thus, based upon the well-settled Florida caselaw, the petitioner utilized an improper procedural vehicle to challenge the lawfulness of his convictions and sentences, resulting in denial of his claims on procedural grounds. Because the petitioner failed to properly exhaust the claim in the state forum and/or the state court correctly applied procedural default principles to arrive at the conclusion that the claim was barred, the claim is likewise procedurally barred in this federal court.[5]

---

[5] A procedural-default bar in federal court can arise in two ways: (1) when a petitioner raises a claim in state court and the state court correctly applies a procedural default principle of state law; or (2) when the petitioner never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred in state court. Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11 Cir. 1999). In the first instance, the federal court must determine whether the last state court rendering judgment clearly and expressly stated that its judgment rested on a procedural bar. In the second instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. Id. at 1303. In Florida, a District Court of Appeal's per curiam affirmance of a circuit court's ruling explicitly based on procedural default "is a clear and express statement of its reliance on an independent and adequate state ground which bars consideration by the federal courts." Harmon v. Barton, 894 F.2d 1268, 1273 (11 Cir. 1990).

Dismissal of an unexhausted federal claim is not warranted where further efforts to exhaust the claim in state court would be futile. Givens v. Green, 12 F.3d 1041 (11 Cir. 1994). In situations where an unexhausted claim is irrevocably barred from consideration by the state courts, the federal courts may deem it procedurally barred as well. Collier v. Jones, 910 F.2d 770, 773 (11 Cir. 1990)(where dismissal to allow exhaustion of unexhausted claims would be futile due to state procedural bar, claims are procedurally barred in federal court as well); Parker v. Dugger, 876 F.2d 1470, 1477-78 (11 Cir. 1989) ("plain statement" rule of Harris v. Reed, 489 U.S. 255 (1989), does not apply when a claim was never presented in state court). Here, since the petitioner has already prosecuted a direct appeal and Rule 3.850 proceeding, and since Florida does not permit successive collateral review, no further avenues exist whereby he could exhaust the claim.

Likewise, the petitioner has failed to demonstrate objective cause for the failure to properly raise and exhaust the claim in the state courts or actual prejudice resulting from the error complained of.[6] He, therefore, cannot overcome the bar. See O'Sullivan v. Boerckel, 526 U.S. at 848-49; Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); United States v. Frady, 456 U.S. 152, 168 (1982); Wainwright v. Sykes, 433 U.S. 72 (1977). Application of the bar is appropriate in this case, because the petitioner has not alleged, let alone established, that a fundamental miscarriage of justice

---

[6]To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." Wright v. Hopper, 169 F.3d 695, 703 (11 Cir. 1999). See also Murray v. Carrier, 477 U.S. 478 (1986). To show prejudice, in essence, a petitioner must demonstrate that there is at least a reasonable probability that the outcome of the proceeding would have been different. See Crawford v. Head, 311 F.3d 1288, 1327-28 (11 Cir. 2002).

6

will result from application of the bar in that he has failed to meet the high standard of factual innocence. See House v. Bell, 547 U.S. 518, 538 (2006)(holding actual innocence requires substantive review only in extraordinary cases); Dretke v. Haley, 541 U.S. 386, 124 S.Ct. 1847 (2004). See also Bousley v. United States, 523 U.S. 614, 623 (1998), *quoting*, Schlup v. Delo, 513 U.S. 298, 327-328 (1995).

Even if the petitioner is somehow asserting that he is actually innocent, the actual innocence exception to the unreviewability of procedurally defaulted claims is applied only in the rarest of cases; see Dretke, 124 S.Ct. at 1852, and the petitioner has failed to meet the high standard.[7] See Bousley v. United States, 523 U.S. 614 (1998), quoting, Schlup v. Delo, 513 U.S. 298, 327-328 (1995). Accordingly, the petitioner is not entitled to federal habeas corpus review of the claim. See O'Sullivan v. Boerckel, 526 U.S. 838, 848-49 (1999). See also Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); United States v. Frady, 456 U.S. 152, 168 (1982); Wainwright v. Sykes, 433 U.S. 72 (1977).

Nevertheless, the claim is discussed briefly as it likewise

---

[7] Petitioner must demonstrate that "in light of all the evidence, 'it is more likely than not that no reasonable juror would have convicted him.'" Bousley v. United States, 523 U.S. 614, 623 (1998), quoting, Schlup v. Delo, 513 U.S. 298, 327-328 (1995). The Supreme Court emphasized that actual innocence means factual innocence, not mere legal insufficiency. Id. See also High v. Head, 209 F.3d 1257 (11 Cir. 2000); Lee v. Kemna, 213 F.3d 1037, 1039 (8 Cir. 2000); Lucidore v. New York State Div. of Parole, 209 F.3d 107 (2 Cir. 2000)(citing Schlup v. Delo, 513 U.S. 298, 299, (1995); Jones v. United States, 153 F.3d 1305 (11 Cir. 1998)(holding that appellant must establish that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him). To be credible, a claim of actual innocence requires the petitioner to "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup v. Delo, 513 U.S. at 324. All things considered, the evidence must undermine the Court's confidence in the outcome of the trial. Id. at 316. No such showing has been made here.

7

fails on the merits. It is axiomatic that under both federal and state law, Miranda[8] warnings are required only when an individual is undergoing custodial interrogation. The Supreme Court defined "custodial interrogation" as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." Miranda, 384 U.S. at 444. Determining whether a person is in custody for Miranda purposes is based on how a reasonable person in the suspect's situation would perceive his or her circumstances. The ultimate inquiry is whether "a reasonable person placed in the same position would believe that his or her freedom of action was curtailed to a degree associated with actual arrest." Ramirez v. State, 739 So.2d 568, 573 (Fla. 1999).

The Miranda custody test involves two discrete inquiries: first, what were the historical facts and circumstances surrounding the interrogation; and second, given those circumstances, "would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave." Thompson v. Keohane, 516 U.S. 99, 112 (1995). The Miranda custody inquiry is an objective test that involves the consideration of four factors: "(1) the manner in which the police summon the suspect for questioning; (2) the purpose, place, and manner of the interrogation; (3) the extent to which the suspect is confronted with evidence of his or her guilt; and (4) whether the suspect is informed that he or she is free to leave the place of questioning." Mansfield v. State, 758 So.2d 636, 644 (Fla. 2000)(quoting Ramirez, 739 So.2d at 574).

In this case, the above factors weigh against a finding of custody. Briefly, the facts reveals that the petitioner and others

---

[8] Miranda v. Arizona, 384 U.S. 436 (1966).

were involved in the robbery and shooting which resulted in the death of a victim. The petitioner was interviewed after police received information through a Crime Stoppers tip. (T.494-95). The petitioner voluntarily accompanied police to the police station where he initially denied knowing anything about the incident. (T.523). During a second statement, the petitioner then explained that he and two codefendants were out smoking marijuana at a park, and when they left, they saw a white Jaguar drive by. (T.527-528). They followed the car, and when it stopped, the codefendant's exited the vehicle, and shortly thereafter, the petitioner heard shots fired. (T.527-530). The petitioner panicked, and drove straight home. (Id.). During his interview, the petitioner showed police the route he had taken that day, but when he returned to the station, he saw one of his codefendants there, and then stated that he would not have been involved had he known what was going to happen. (T.540). At that point, the officers advised the petitioner of his constitutional rights. (T.540).

After being advised of and waiving his rights, the petitioner admitted that he was involved in the incident, but claims he was only the driver, and further identified his two codefendants. (T.546-549). The petitioner admitted that one codefendant told him of the plan to rob the woman driving the Jaguar. (T.559). According to the petitioner, one of his codefendants admitted shooting the woman, and observed him put a chrome firearm into his waistband. (T.560). When a typed statement summarizing the events was prepared for the petitioner, he read and initialed the read and initialed the statement through page 15, but then refused to continue, at which point the officers stopped the interview, and arrested him. (T.485,593).

In denying the suppression motion, the court found the

petitioner voluntarily accompanied police, showed him the route he took on the day of the shooting, and did so without threats, fear, coercion, or in exchange for any promises from police. (DE#15:Ex.AH:104). The court concluded that at that juncture, there was no reason to arrest the petitioner, because the only information they had was a Crime Stoppers tip. (Id.). The court found that when the petitioner implicated himself, the detectives immediately advised him of his constitutional rights in writing. (Id.). Thus, the court determined that at the time the petitioner accompanied the police on the route he took on the date of the incident, he was not in custody, nor did the petitioner ever seek to terminate his consensual encounters. (Id.). Ultimately, the court denied the suppression motion on the basis that the petitioner's constitutional rights were not violated. (Id.:105).

Since the petitioner's statements were not unlawfully obtained, there was no legal basis upon which to move to suppress the statement. The trial court concluded correctly that there was no basis for suppression of the statements. Under these circumstances, the rejection of this claim in the state forum was neither contrary to nor an unreasonable application of established federal principles, and the result should not be disturbed. See 28 U.S.C.§2254(d). See also Williams v. Taylor, 529 U.S. 362 (2000).

Lastly, to the extent the petitioner appears to argue that he is entitled to a federal evidentiary hearing on his claim, that claim also warrants no habeas corpus relief here. If a habeas corpus petitioner "alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of the claim." Holmes v. United States, 876 F.2d 1545, 1552 (11 Cir. 1989), quoting Slicker v. Wainwright, 809 F.2d 768, 770 (11 Cir. 1987). However, no hearing is required where

10

the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous. Holmes, supra at 1553. Here, for the reasons which have been discussed, the petitioner's claim are all affirmatively contradicted by the existing record, so no federal hearing is necessary or warranted.

## Conclusion

For the foregoing reasons, it is recommended that this petition for habeas corpus relief be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 23rd day of March, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Willie Brown, Pro Se
      DC#188920
      Hamilton Correctional Institution-Annex
      10650 S.W. 46 Street
      Jasper, FL 32052-1360

      Linda Katz, Ass't Atty Gen'l
      Department of Legal Affairs
      444 Brickell Avenue
      Suite 650
      Miami, FL 33131